THE PEOPLE OF THE STATE OF NEW YORK ex rel. GIOVANNI RICHE, Appellant, *v.* THE SISTERS OF ST. JOHN THE BAPTIST NOVITIATE AND BOARDING SCHOOL, ARROCHAR, STATEN ISLAND, Respondent.

Second Department, March 11, 1927.

Habeas corpus — proceedings by father to obtain custody of twenty-year-old daughter for purpose of placing her in sanitarium for observation as to mental condition — affidavits treated by relator as return should have been printed in papers on appeal — court examined daughter and determined she was not mentally incompetent and had right to determine where she should live — relator has before unsuccessfully attempted to obtain possession of daughter by habeas corpus — if relator desired that examination of daughter by court be taken down, he should have made request — respondent not required to perfect appeal for relator.

The relator seeks to obtain the custody of his twenty-year-old daughter for the purpose of placing her in a sanitarium for observation as to her mental condition. The respondent and the daughter served copies of affidavits upon the relator and he was given permission to file a traverse. The relator has failed to print the affidavits in the papers on appeal. His excuse for failing to print the affidavits or to recite them in the order dismissing the writ on the ground that they did not constitute a legal return to the writ is not sufficient, since he so treated the affidavits by applying for permission to file a traverse. The affidavits should have been included in the printed papers on appeal.

The court examined the daughter and stated his conclusion that she was not mentally incompetent and had the right to determine where she wished to live, but the examination was not taken down by the stenographer. If the relator wished to have the court's examination taken down by the stenographer he should have made a request therefor. Neither the respondent nor the daughter can be charged with the duty of preparing or presenting the appellant's record. The order dismissing the writ is affirmed.

APPEAL by the relator, Giovanni Riche, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 30th day of December, 1926, dismissing a writ of habeas corpus issued upon the petition of the relator to obtain the custody of his daughter,

**692** PEOPLE EX REL. RICHE *v.* ST. JOHN THE BAPTIST NOVITIATE.

Second Department, March, 1927. [Vol. 219

Geraldine Riche, aged twenty years, and remanding her to the custody of the respondent.

*Carol Weiss King* [*Isaac Schorr* with her on the brief], for the appellant.

No appearance or brief for the respondent.

PER CURIAM. In obedience to the writ of habeas corpus, the respondent and the twenty-year-old daughter of the relator appeared before the justice of the Supreme Court presiding at the Special Term. It appears from the printed papers that the respondent presented two affidavits in opposition to the relator's demand that the custody of the young woman be awarded to the relator for the purpose of placing her in a sanitarium for observation as to her mental condition, one of the affidavits being made by the daughter and the other by one of the sisters in charge of the novitiate and boarding school. A copy of these affidavits was delivered to the relator or his counsel, and he asked permission to file a traverse to said affidavits, which was granted. The traverse is printed in the papers on appeal, but the affidavits, presumably stating the objections of the respondent and the daughter to the application, are not printed, nor are they recited in the order dismissing the writ. It appears that the respondent was represented on the return of the writ by a lady who subsequently appeared before this court on the call of the calendar, stating that she was not a lawyer, and no points are filed on behalf of the respondent on this appeal nor was it represented by counsel. The counsel for the relator on this appeal seeks to excuse the failure to print these affidavits, or to recite them in the order dismissing the writ, by stating that they did not constitute a legal return to the writ, but they appear to have been regarded by relator as sufficient to require the filing of a traverse, and of course they should have been included in the printed papers on relator's appeal.

It appears from the printed record that the learned justice before whom the writ was returnable examined the daughter. He then made the following statement appearing in the stenographer's minutes of the hearing: " The Court: This girl understands just what she is doing and where she wants to go. She is at that time of life where she may select for herself the place she wants to go. I see no necessity for any medical examination at all. She is twenty years of age, going on twenty-one, and apparently knows her own mind; and she wants to stay where she is. The father, by his conduct, precludes his right of visitation, and that is his own fault. I will dismiss the writ."

Counsel for the relator stated that she would like to have medical

witnesses heard as to the mental condition of the girl, that she wanted the girl placed upon the stand for examination as to her mental capacity. The court allowed the counsel for relator to file any affidavits or other proof she desired, but said: " I will accept in evidence all of the documents you mention. I shall not take testimony in respect to this girl's mental condition. She is apparently strong and healthy and knows what she is doing, is capable of understanding the difference between right and wrong, is able, apparently, to consult with counsel, and has the right to determine where she wants to go. There is nothing to indicate that the place where she is now housed is detrimental to her health or welfare, and nothing can be done. She is between twenty and twenty-one years of age. The father has no claim on her against her own will. I am satisfied she has her own will and has her own ability to determine. I will dismiss the writ."

The learned justice stated his conclusion, from the examination of the girl, that she had full mental capacity, and that she had the right to determine her residence for herself as long as she was well cared for and her mental, physical and moral welfare was properly protected.

It is apparent from the printed papers and the points of the appellant that the relator and his wife are living apart, and that on prior occasions he has been refused the custody of the girl in habeas corpus proceedings.

We see no reason for interfering with the determination of the learned justice who saw and examined the girl. If the relator desired the examination of the girl by the justice taken down by the stenographer, he should have requested that this be done, but, like the affidavits in opposition to the writ, the examination is not in the printed papers. Certainly the respondent and the girl cannot be charged with the duty of preparing or presenting the appellant's record.

We think the order dismissing the writ of habeas corpus should be affirmed.

KELLY, P. J., MANNING, YOUNG, LAZANSKY and HAGARTY, JJ., concur.

Order dismissing writ of habeas corpus affirmed, without costs.